

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JAMES E. DETIEGE and AMY A.<br>DETIEGE,<br>　　　　　　　Debtors. | BAP No.  ID-21-1177-GBS<br><br>Bk. No. 4:19-bk-40051-JMM<br><br>Adv. No. 4:19-ap-08029-JMM |
| JAMES E. DETIEGE; AMY A. DETIEGE,<br>　　　　　　Appellants,<br>v.<br>MARIA JOSEFA VILMA ROSAUER,<br>　　　　　　Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the District of Idaho
Joseph M. Meier, Chief Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtors, James and Amy Detiege ("Debtors") appeal the
bankruptcy court's judgment in favor of Mr. Detiege's mother, appellee
Maria Josefa Vilma Rosauer. The bankruptcy court determined that Mrs.

---

\* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532.

Rosauer contributed $92,000 for the purchase of a home (the "Property") to be co-owned by the parties, and it imposed a constructive trust and lien on the Property in her favor.

Debtors argue that the court erred by imposing the constructive trust because Mrs. Rosauer signed a letter stating that no repayment was expected or implied (the "Gift Letter"). We agree with the bankruptcy court that the Gift Letter was evidence of donative intent, but it was not dispositive of the issue. The court's factual determination that the funds were not intended as a gift is supported by the record and is not clearly erroneous. Accordingly, we AFFIRM.

## FACTS

### A.    Prepetition Events

The relevant facts are largely undisputed. Prior to 2016, Mrs. Rosauer lived in Iowa with her husband. After Mr. Rosauer's health began deteriorating, Debtors visited the Rosauers and discussed the possibility that they sell their home in Iowa and move to Idaho to live with Debtors. The Rosauers moved to Idaho in September 2016, but Mr. Rosauer unfortunately died two months later.

Debtors continued discussions with Mrs. Rosauer about buying a home together and shared their plan with multiple family members. They were informed by their lender that Mrs. Rosauer could not qualify for a mortgage on her own, but Debtors could potentially qualify if their credit improved. Mrs. Rosauer then advanced $12,000 from the sale of her home

2

in Iowa to improve Debtors creditworthiness by paying some of their existing debt. Debtors eventually qualified for a mortgage, and the parties located a suitable home to purchase.

Mrs. Rosauer contributed an additional $80,000 towards the purchase of the Property and signed the Gift Letter which was required by the mortgage lender. Mrs. Rosauer expressed concern about signing the Gift Letter but was assured by her son that he would not "screw her over" and she would have a home to live in for the rest of her life. Mr. Detiege told Mrs. Rosauer that, although title to the Property was placed only in Debtors' names, she would be added to the title after two years.

Soon after purchasing the Property, the relationship between the parties began to suffer. The parties disagree about what caused the rift, but ultimately, Debtors prevented Mrs. Rosauer from entering the Property or accessing her personal belongings, which they eventually sold. Mrs. Rosauer filed suit in state court, and Debtors filed a chapter 7 petition.

## B.    The Bankruptcy Case And Adversary Proceeding

In May 2019, Mrs. Rosauer filed an adversary complaint. She alleged that Debtors obtained the Property through actual fraud, misrepresentations, and concealments, and she alleged a nondischargeable debt of $92,000 under § 523(a)(2)(A). She alternatively sought a constructive trust and asserted that, despite the parties' agreement to purchase the Property as co-owners, Debtors wrongfully took the funds and deprived her of any interest in the Property.

At trial, several family members testified that Debtors and Mrs. Rosauer had discussed their agreement to purchase the Property together and for Mrs. Rosauer to live there. Debtors each testified that Mrs. Rosauer provided the funds as a gift so they could purchase the Property and Mrs. Rosauer would have a place to stay when she visited, but they did not agree she would be a co-owner of the Property or that she could stay there indefinitely. Debtors testified that they asked Mrs. Rosauer to leave the Property because of her behavior and waited two years for her to remove her personal property before selling it.

After post-trial briefing, the bankruptcy court issued its memorandum decision. The court concluded that the evidence did not establish a nondischargeable debt under § 523(a)(2)(A), but it rejected Debtors' contention that the Gift Letter conclusively determined the funds were a gift.

The bankruptcy court determined that Mrs. Rosauer's testimony—that the parties agreed to be equal co-owners—was corroborated by multiple independent witnesses. It found Debtors' testimony to be less credible and belied by the fact that Mrs. Rosauer immediately moved into the Property with all her personal belongings and began purchasing items for the home and paying for utilities.

The court held that permitting Debtors to retain the benefit of Mrs. Rosauer's payments would constitute unjust enrichment, and it imposed a

constructive trust on the Property in the amount of $92,000. The court entered judgment in favor of Mrs. Rosauer, and Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by imposing a constructive trust on the Property in favor of Mrs. Rosauer?

## STANDARD OF REVIEW

We review a bankruptcy court's decision to impose a constructive trust for abuse of discretion. *Goldberg v. Bank of Alex Brown (In re Goldberg)*, 168 B.R. 382, 384 (9th Cir. BAP 1994). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

The imposition of a constructive trust is an equitable remedy used to prevent injustice. *In re Goldberg*, 168 B.R. at 384; *Custer v. Dobbs (In re Dobbs)*, 115 B.R. 258, 269 (Bankr. Idaho 1990). The propriety of a constructive trust must be established under state law and be consistent with the Bankruptcy Code. *Torres v. Eastlick (In re N. Am. Coin & Currency, Ltd.)*, 767 F.2d 1573, 1575 (9th Cir. 1985); *In re Dobbs*, 115 B.R. at 269.

5

A constructive trust may be imposed under Idaho law where "one who holds title to property is subject to an equitable duty to convey the property to another in order to prevent unjust enrichment." *Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*, 336 P.3d 802, 808 (Idaho 2014). Unjust enrichment consists of three elements: "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Vanderford Co. v. Knudson*, 165 P.3d 361, 272 (Idaho 2007).

## A.  The Bankruptcy Court Did Not Err By Considering All Evidence Of Donative Intent.

Debtors' sole argument on appeal is that the bankruptcy court erred by imposing the constructive trust because, under Idaho law, the Gift Letter conclusively established Mrs. Rosauer's intent to provide the funds as a gift. They argue that consideration of other evidence of Mrs. Rosauer's intent was barred by the parol evidence rule, relying on an unpublished Idaho Court of Appeals case, *Wilson v. Wilson*, 2020 WL 1487684 (Idaho Ct. App., Mar. 23, 2020), for this proposition.

Mrs. Rosauer contends that Debtors failed to object to the admission of parol evidence and, thus, waived the argument on appeal. Debtors did not make evidentiary objections, but they preserved the issue by arguing in their post-trial brief that Mrs. Rosauer should not be permitted to

6

contradict the Gift Letter. More importantly, the court did not err by considering other evidence.

Under Idaho law, the parol evidence rule is a rule of contract construction which provides:

> [W]hen a contract has been reduced to a writing that the parties intend to be a final statement of their agreement, evidence of any prior or contemporaneous agreements or understandings which relate to the same subject matter is not admissible to vary, contradict, or enlarge the terms of the written contract.

*Simons v. Simons*, 11 P.3d 20, 24 (Idaho 2000). The rule applies only when the "integrated character of the writing is established." *Valley Bank v. Christensen*, 808 P.2d 415, 417 (Idaho 1991). The mere existence of the document does not establish integration; it must be determined from the surrounding circumstances. *Nysingh v. Warren*, 488 P.2d 355, 356 (Idaho 1971).

The parol evidence rule is inapplicable here because the Gift Letter is not a written contract between Debtors and Mrs. Rosauer, and there is no evidence in the record that they intended the Gift Letter to integrate their previous discussions about purchasing a home together. The Gift Letter is a form document that contains no terms and, at best, evidences an agreement between Debtors and their lender, not one between Debtors and Mrs. Rosauer.

*Wilson v. Wilson* is also inapposite. That case was an appeal from a divorce proceeding in which the parties disputed the characterization of a

home purchased before the marriage as either separate or community property. 2020 WL 1487684, at *1. The Court of Appeals affirmed the trial court's decision not to impose an equitable lien because the appellant offered no authority for a premarital unjust enrichment claim in a divorce proceeding. *Id.* at *2. The court further noted that even if the trial court could decide the issue, appellant would not be able to rely on parol evidence because he signed, not only a "gift letter," but a quitclaim deed conveying any interest to his spouse as her sole and separate property. *Id.* at *1-3; *see also Hall v. Hall*, 777 P.2d 255, 256 (Idaho 1989) ("Where the language of a deed is plain and unambiguous the intention of the parties must be determined from the deed itself, and parol evidence is not admissible to show intent.").

Here, there was no deed or integrated contract between Mrs. Rosauer and Debtors and the bankruptcy court was not precluded from considering other evidence about the nature of the funds provided by Mrs. Rosauer.

## B. The Bankruptcy Court Did Not Clearly Err By Determining The Funds Were Not A Gift.

Under Idaho law, a gift is "a voluntary transfer of property by one to another without consideration or compensation therefor." *Banner Life Ins. v. Mark Wallace Dixson Irrevocable Tr.*, 206 P.3d 481, 490 (Idaho 2009) (quoting *Stanger v. Stanger*, 571 P.2d 1126, 1129 (Idaho 1977)). To effectuate a gift, "a donor must deliver property to a

8

donee . . . with a manifested intent to make a gift of the property." *Id.* (citations omitted).

The bankruptcy court determined that the funds were not a gift for two reasons. First, whether Mrs. Rosauer provided the funds in exchange for an ownership stake, as she testified, or to have a place to stay when visiting the grandchildren, as Mr. Detiege testified, she did so for consideration. *See, e.g., Weisel v. Beaver Springs Owners Ass'n*, 272 P.3d 491, 498 (Idaho 2012) (explaining what constitutes consideration under Idaho law). Second, the court held that the evidence did not support a finding of donative intent.

Under Idaho law, the question of donative intent is one of fact. *Wilson v. Mocabee*, 467 P.3d 423, 432 (Idaho 2020). Donative intent may be proved "by direct evidence, including statements of donative intent, or inferences drawn from the surrounding circumstances . . ." *Banner Life Ins.*, 206 P.3d at 490; *see also Mocabee*, 467 P.3d at 432 ("[D]onative intent is ascertained from inferences drawn when examining **all** surrounding circumstances. The facts . . . are not to be viewed in a vacuum; rather, all evidence of donative intent must be reviewed as contained in the entire record.") (internal citation omitted).

The bankruptcy court properly considered all evidence of donative intent, including corroborating testimony from other witnesses, the surrounding circumstances, and witness credibility. It determined that Mrs. Rosauer provided the funds, not as a gift, but as part of an agreement

to be co-owner of the Property. The court's factual findings are not illogical, implausible, or without support in the record. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

## CONCLUSION

Because the bankruptcy court did not clearly err in finding that Mrs. Rosauer's transfers were not gifts, Debtors have not demonstrated an abuse of discretion. We AFFIRM the bankruptcy court's judgment.