**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51281**

| | |
|---|---|
| KRISTIE BRECKON,<br><br>      Petitioner-Appellant,<br><br>v.<br><br>JON BRECKON,<br><br>      Respondent. | )<br>)  **Filed:  September 5, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, Senior District Judge.  Hon. Theodore Tollefson, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming the division of property, denial of spousal maintenance, and denial of attorney fees, <u>affirmed</u>.

Bublitz Law, P.C.; Jessica B. Bublitz, Boise, for appellant.  Jessica B. Bublitz argued.

Cosho Humphrey LLP; Matthew R. Bohn, for respondent.  Matthew R. Bohn argued.

_____

GRATTON, Chief Judge

Kristie Breckon appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming the magistrate court's judgment regarding the division of property, spousal maintenance, and attorney fees.  We affirm.

**I.**

**FACTS AND PROCEDURAL HISTORY**

Kristie and Jon Breckon were married in 1998.  The parties have three children, two of whom are minors.  In 2007, the parties started Breckon Land Design, a landscape design firm.  Between 2016 and 2018, the business purchased an office building.  In 2005, the parties purchased their community residence.  During the marriage, Jon ran the business and Kristie worked varying

positions within the business, but ultimately stayed home to raise their children and take care of their home.

In 2021, the parties separated, and Kristie subsequently filed for divorce in 2022. Kristie began working outside the home, and Jon continued his employment with Breckon Land Design. A trial was held in September 2022. At Jon's request, Buck Harris completed a business valuation of Breckon Land Design in December 2021, valuing the business at $1,429,000. At trial, Harris testified that the value of the business had likely decreased from his initial valuation based on the increase in interest rates and the downturn of the economy. Harris did not provide an estimate of the value of the business at the time of trial. Kristie also submitted a valuation of the business done by Paul Hyde for the purpose of potentially selling a minority interest. The valuation was completed in September 2021, and concluded the non-marketable interest of Breckon Land Design as of June 2021 was $1,700,000. Hyde did not testify at trial.

The magistrate court found there was very little evidence regarding the current valuation of the community residence, the office building, or the business. Specifically, the magistrate court found the property valuations submitted were not current and neither of the valuations of the business divided the personal goodwill (a non-community asset) versus the professional services goodwill (a community asset). With the lack of evidence on the present value of the business presented, the magistrate court ordered the sale of Breckon Land Design. Further, the magistrate court ordered the sale of the office building and community residence as there was no evidence as to the present value of either property.[1] A broker's opinion as to the value of the office building was more than a year old. As to the residence, the magistrate court stated the only information

---

[1]    In her appellant's brief, Kristie mentions the residence and the commercial property for which the magistrate court also found no credible evidence as to value and ordered sold. Kristie does not list issues relative to the residence and commercial property in her statement of issues. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Id*. Kristie does not present argument or authority as to any claim of error in the magistrate court's determination and any such issue is waived. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, as to the residence, Kristie did not raise the issue on intermediate appeal. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003).

submitted was a Zillow listing viewed by Kristie on September 1, 2022, which had limited weight and credibility.

Regarding the sale of the properties, Jon requested a right of first refusal. The magistrate court did not find there was credible evidence that the right of first refusal would benefit the community and/or the sale of the properties, and the magistrate court denied the request. As part of the sale of Breckon Land Design, the magistrate court required Jon to sign a reasonable noncompete agreement. The magistrate court also included a DL Evans money market account and business checking accounts in the business.

Further, the magistrate court agreed with Kristie that the statutory factors weighed in favor of awarding her an unequal division of community property as the parties had been married for more than twenty-four years and Jon had substantially more employability. The magistrate court awarded $159,133 to Kristie and $11,972 to Jon. The magistrate court, however, did not award maintenance as requested by Kristie. In this finding, the magistrate court stated that Kristie makes roughly $4,076 per month in her current employment and will receive $983 per month in child support, for a total of $5,059, while Kristie's reasonable expenses amount to $5,115. The magistrate court found the $56 per month deficiency was de minims and with her one-half share of the net community estate, Kristie would be able to meet her needs through employment and monthly child support. The magistrate court also refused Kristie's request for additional attorney fees and auction costs to be paid from the community assets.

Kristie then appealed to the district court. In her appeal, she argued the magistrate court erred by: (1) declining to assign a value (based on evidence presented) as to the commercial property of Breckon Land Design and, instead ordering the commercial property and business sold; (2) denying maintenance; (3) denying reimbursement from the community for attorney fees; and (4) declining to divide certain money accounts and instead designating them as "included in business" in the property and debt allocation. The district court affirmed the magistrate court on all issues. Kristie further appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's

3

conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

The disposition of property--including valuation and division--is reviewed for an abuse of discretion. *Stewart v. Stewart*, 143 Idaho 673, 677, 152 P.3d 544, 548 (2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). The magistrate court's determination will not be disturbed on appeal if it is supported by substantial competent evidence. *Chandler v. Chandler*, 136 Idaho 246, 249, 32 P.3d 140, 143 (2001). Where there is conflicting evidence, the trial court determines the weight, credibility and inferences to be drawn from the evidence. *Id*.

## III.

## ANALYSIS

Kristie raises five issues on appeal: (1) the magistrate court erred in finding that there was insufficient evidence to assign a valuation to the business Breckon Land Design; (2) the magistrate court created waste by not assigning the value to Breckon Land Design and ordering it sold; (3) the magistrate court abused its discretion in refusing to award her maintenance; (4) the magistrate court erred in declining to order reimbursement for attorney fees; and (5) the magistrate erred in declining to divide certain money accounts and instead designating them as included in the business. Both parties request attorney fees on appeal.

### A.     Procedural Requirements

As a preliminary matter, Kristie's brief is not in compliance with Idaho Appellate Rule 35(e), which states:

> References to the reporter's transcript on appeal shall be made by the designation "Tr" followed by the volume, page and line number abbreviated "Vol. I, p. 14, L. 16". References to the clerk's or agency's record on appeal shall be made by the designation "R" followed by the volume, page and line number

4

abbreviated "Vol. I, p. 14, L. 16". References to the reporter's transcript and clerk's record must be within the body of the brief, and shall not be included as footnotes or endnotes.

The Idaho Supreme Court recently stated: "[w]e will not consider issues that lack 'citations to the record, citations of applicable authority, or comprehensible argument.'" *Kelly v. Kelly*, 171 Idaho 27, 45, 518 P.3d 326, 344 (2022) (*quoting Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010)). *See also Owen v. Smith*, 168 Idaho 633, 646, 485 P.3d 129, 142 (2021) ("We will not consider the merits of the Owens' claims because they consist of conclusory statements that lack citations to the record."). It is not the role of this Court to search the record on appeal for citation or argument. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Appellants, rather than this Court, must ferret out and articulate the record evidence considered material to each legal theory advanced on appeal. *Id.*

Kristie has waived her issues on appeal because she has not provided sufficient support for this Court to review her claims. We will not consider issues that lack citations to the record, citations to applicable authority, or comprehensible argument. *Bach*, 148 Idaho at 791, 229 P.3d at 1153. In support of her argument, Kristie never directly cites the record at any point in her briefing, as required by I.A.R. 35(e). Rather, she uses citations such as: "Jon's Closing," "Final Judgment Decree of Divorce," "See page 9, Judgment," and "see court record." This Court will not search the record for the pages which Kristie intended to rely on. *Bach*, 148 Idaho at 791, 229 P.3d at 153. The Court also notes that the parties did not have the trial transcript from the magistrate court included in the record. It is not the role of an appellate court to create a record for the parties and then search through it, attempting to identify the critical information necessary to make the case for a litigant. *Groveland Water & Sewer, Dist. v. City of Blackfoot*, 169 Idaho 936, 941, 505 P.3d 722, 727 (2022). Additionally, Kristie fails to cite to appropriate standards of review. Her citation to the standard of review for cases appealed from the district court on intermediate appeal is outdated. Given Kristie's failure to cite to the record for her contentions, we decline to address the issues presented on appeal. Therefore, Kristie has failed to show that the district court erred in affirming the magistrate court's judgment.[2]

---

[2]    Nonetheless, Kristie has failed to demonstrate that the magistrate court's findings are unsupported by substantial and competent evidence in the record or that the conclusions of the magistrate court or the district court are in error. First, the magistrate court was well within its discretion to determine that the evidence in the record was insufficient to establish a value of the

**B.     Attorney Fees on Appeal**

Both parties request attorney fees on appeal under Idaho Code § 12-121, which permits a court to award reasonable attorney fees to the prevailing party or parties when the case was brought, pursued or defended frivolously, unreasonably or without foundation. Jon has prevailed on all issues on appeal and is, therefore, the prevailing party for purposes of our attorney fee analysis. Accordingly, we decline to award Kristie attorney fees under I.C. § 12-121 because that section only allows attorney fees for the prevailing party. *See* I.C. § 12-121.

We conclude that Jon is entitled to an award of attorney fees on appeal under I.C. § 12-121. Kristie has failed to properly present her issues on appeal in accordance with the Idaho Appellate Rules and, thus, has waived her claims. In addition, many of Kristie's arguments on appeal simply request this Court to reject the magistrate court's credibility findings and to reweigh the evidence. That is not the role of this Court. *See Neustadt v. Colafranceschi*, 167 Idaho 214, 227, 469 P.3d 1, 14 (2020) (appellate courts in Idaho do not reweigh evidence); *Chandler*, 136 Idaho at 249, 32 P.3d at 143 (noting trial court determines credibility). For these reasons, an award of attorney fees to Jon under I.C. § 12-121 is appropriate.

**IV.**

**CONCLUSION**

Kristie has failed to properly present her issues on appeal and, thus, has failed to show the district court erred in affirming the magistrate court's judgment. Accordingly, the decision of the

---

business for division purposes; Kristie's claim that the magistrate court was without legal authority to order the business sold is not preserved and is incorrect, *Carr v. Carr*, 108 Idaho 684, 688, 701 P.2d 304, 308 (Ct. App, 1985); and, the district court correctly refused to reweigh the evidence. Second, the magistrate was within its discretion to refuse an award of maintenance of the additional $2500 in consideration of all that had been awarded to Kristie, her budget which included "kid expenses," and her lack of evidence as to her standard of living claim. Third, Kristie failed to demonstrate error in the magistrate court's refusal to reimburse attorney fees or costs beyond that which it had previously awarded. Finally, the magistrate acted well within its discretion to include the business accounts within the business and the ordered sale. Aside from the procedural default noted above, Kristie's appeal failed to show any legal error and instead essentially asked this Court (and the district court) to reweigh the evidence, which we will not do. *See Wilson v. Mocabee*, 167 Idaho 59, 68, 467 P.3d 423, 432 (2020).

We note that, in *Carr*, this Court addressed waste incident to an ordered sale and specifically noted: "The trial court in a divorce proceeding may enforce its orders regarding property distribution with contempt proceedings." *Id*. Alleged frustration of or noncompliance with the magistrate court's orders should be taken up with the magistrate court.

district court, on intermediate appeal from the magistrate court, affirming the judgment modifying the decree of divorce is affirmed.  Attorney fees and costs on appeal are awarded to Jon.

Judge HUSKEY and Judge LORELLO **CONCUR**.