# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 51892-2024

| | | |
|---|---|---|
| PAUL MARTIN BEDELL, Individual, | ) | |
| | ) | |
|   Plaintiff-Counterdefendant-Appellant, | ) | Boise, November 2025 Term |
| | ) | |
| | ) | Opinion filed: February 19, 2026 |
| v. | ) | |
| | ) | Melanie Gagnepain, Clerk |
| JOANNE PARSONS, Individual, | ) | |
| | ) | |
|   Defendant-Counterclaimant-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES I-X, | ) | |
| | ) | |
|   Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Bruce L. Pickett, District Judge.

The decisions of the district court are <u>reversed</u>.

Kirton McConkie, Boise, for Appellant. Jon T. Simmons argued. Christine R. Arnold appeared.

Rigby, Andrus & Rigby Law, PLLC, Rexburg, for Respondent. Hyrum D. Erickson argued.

---

ZAHN, Justice.

This case concerns a dispute over the respective ownership interests in a piece of real property located in Bonneville County, Idaho ("the Property"). Paul Martin Bedell and Joanne Parsons were in a long-term, romantic relationship and were unmarried. During that relationship, they purchased the Property. Both of their names were listed on the purchase and sale agreement and the warranty deed conveying the Property. When their relationship ended, Parsons attempted to quitclaim her interest in the Property to a non-profit organization in California. Bedell then filed

an action to quiet title to the Property solely in his name or, in the alternative, partition the Property in kind by awarding him the entirety of the Property. Following several motions for summary judgment, the district court concluded that Parsons had a 50% ownership interest in the Property, ordered a partition by sale, and awarded Parsons her reasonable attorney fees pursuant to Idaho Code section 12-121. For the reasons discussed below, we reverse the decisions of the district court and remand for further proceedings.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Bedell and Parsons were in a romantic relationship between 2007 and 2020. For much of that time, they lived together in Parsons' home in California. They never married. Bedell and Parsons each testified that Bedell financially contributed to the utilities and maintenance of the shared California home but did not pay any rent or mortgage. The parties also testified that they jointly purchased investment properties in California to remodel and resell for profit.

In 2014, Bedell and Parsons purchased the Property. Both of their names were listed on the purchase and sale agreement and on the special warranty deed filed in Bonneville County. Bedell paid all taxes, utilities, insurance, and other expenses for the Property. Parsons testified that she and Bedell bought the Property as a vacation home and jointly hosted family and friends at the Property.

Bedell and Parsons ended their romantic relationship in 2020. At that point, Bedell made the Property his primary residence. Parsons later quitclaimed her interest in the Property to a non-profit organization in California. Several weeks later, the non-profit quitclaimed the interest back to Parsons.

Bedell then brought an action against Parsons in Bonneville County district court. Bedell pleaded two claims, seeking: (1) a declaratory judgment that Parsons had no interest in the Property; and (2) to quiet title to the Property solely in Bedell's name. Parsons answered and filed a counterclaim seeking a declaratory judgment that she possessed a 50% interest in the Property and seeking to quiet title jointly in her and Bedell's names. Bedell later amended his complaint to add a claim for partition in kind, seeking to distribute the entirety of the Property to himself.

A series of summary judgment motions followed. Relevant to this appeal, the district court denied the parties' initial cross motions for summary judgment on Bedell's partition claim after concluding there were genuine disputes of material fact concerning the parties' respective

2

ownership interests. Following that decision, this Court issued our opinion in *Demoney-Hendrickson v. Larsen*, 171 Idaho 917, 527 P.3d 520 (2023), which outlined a three-step inquiry in partition actions:

> The first step is for the district court to determine whether the parties to the action possess some interest in the property at issue. *See* I.C. § 6-501. The second step is to ascertain the "respective rights of the persons interested" in the subject property. *Id.* In other words, the district court must determine the parties' respective ownership interests in the subject property. *Id.*; I.C. § 6-508. The third step is to determine the most appropriate method of partition: a partition in kind or a partition by sale. *See* I.C. §§ 6-501, 6-508. Critically, "when a sale of the premises is necessary, the title must be ascertained by proof to the satisfaction of the court *before the judgment of sale can be made*[.]" I.C. § 6-508 (emphasis added).

171 Idaho at 922, 527 P.3d at 525 (alteration in original). We held that, on the second step of the inquiry, when two parties' names are listed on a warranty deed and the deed fails to specify the respective ownership interests of each party, there is a rebuttable presumption that the parties share ownership equally. *Id.* at 924–25, 527 P.3d at 527–28. We further held that the presumption may be rebutted with showing, by a preponderance of the evidence, that the parties intended something other than equal ownership. *Id.* at 925, 527 P.3d at 528.

Just before this Court issued *Demoney-Hendrickson*, Bedell had filed a second motion for summary judgment, arguing that the court should grant his action for partition in kind and award him 100% of the Property because he was the sole financial contributor to the Property. After Bedell filed this motion and before Parsons' response was due, we issued our decision in *Demoney-Hendrickson*. Parsons then filed her third motion for summary judgment, arguing that *Demoney-Hendrickson* established that she had a 50% ownership interest in the Property because Bedell's evidence submitted in support of his second motion failed to rebut the presumption of equal shares. Bedell responded that the evidence rebutted *Demoney-Hendrickson*'s presumption of equal shares because it showed that he was the sole financial contributor to the Property.

The district court denied Bedell's motion but granted summary judgment for Parsons on the partition claim, relying on *Demoney-Hendrickson* to conclude that (1) Parsons had an interest in the Property because her name was on the deed, (2) Parsons possessed an equal interest in the Property because the deed did not specify the parties' respective ownership interests and Bedell failed to rebut the presumption of equal shares, and (3) partition by sale was the appropriate method of partition. The district court also awarded Parsons reasonable attorney fees under Idaho Code section 12-121.

3

Bedell filed a motion to reconsider. In support of his motion, Bedell submitted his deposition transcript, his answers to interrogatories, and spreadsheets detailing the expenses he paid related to Parsons' residence in California and to the Property. The district court determined that the additional evidence still failed to rebut the presumption of equal shares and declined to reverse its decision granting summary judgment to Parsons on the partition claim. However, it reversed its prior decision awarding attorney fees to Parsons because there were pending counterclaims, so its determination that Parsons was the prevailing party was premature.

Following the decision on reconsideration, Parsons filed a fourth motion for summary judgment, requesting that the district court dismiss any potential claim for contribution as waived because Bedell had failed to plead such a claim. The district court granted the motion and agreed that Bedell had waived any contribution claim.

Parsons then filed a memorandum of costs and fees pursuant Idaho code section 12-121 and Idaho Rule of Civil Procedure 54(d), arguing she was the prevailing party and that Bedell's continued pursuit of his partition claim was frivolous and without foundation following *Demoney-Hendrickson*. The district court agreed and determined that Bedell's continued assertion that he had a 100% ownership interest in the Property was foreclosed by *Demoney-Hendrickson*.

## II. ISSUES ON APPEAL

1. Whether the district court erred when it concluded the parties had equal ownership interests in the Property.
2. Whether the district court erred when it determined Bedell had waived any claim for contribution.
3. Whether the district court erred when it awarded Parsons attorney fees under Idaho Code section 12-121.

## III. STANDARDS OF REVIEW

When reviewing a lower court's decision on summary judgment, this Court applies the same standard used by the lower court. *McOmber v. Thompson*, ___ Idaho ___, ___, 572 P.3d 736, 743 (2025). On a motion for summary judgment, the movant must show there is no genuine dispute of material fact. I.R.C.P. 56(a). The facts and any inferences must be construed in favor of the nonmoving party. *McOmber*, ___ Idaho at ___, 572 P.3d at 743. If the moving party meets its burden, the nonmovant must show more than "a mere scintilla of evidence" or "slight doubt" to demonstrate that a genuine dispute of material fact exists. *Id.* (quoting *Fragnella v. Petrovich*, 153 Idaho 266, 271, 281 P.3d 103, 108 (2012)).

4

To determine whether a genuine dispute of material fact exists, the court must focus on the elements of the claim and whether the disputed facts go to the challenged elements. *Kelso v. Applington*, 173 Idaho 738, 747, 548 P.3d 363, 372 (2024). A fact is material if it has an impact on the outcome of the case. *Id.* at 742, 548 P.3d at 367. It is not permissible for the trial court to weigh the evidence on a motion for summary judgment. *Id.* at 749, 548 P.3d at 374.

## IV.    ANALYSIS

On appeal, Bedell argues that the district court erred when it granted (1) Parsons' third summary judgment motion on Bedell's partition claim, (2) Parsons' fourth summary judgment motion, which concluded that Bedell had waived a contribution claim, and (3) Parsons' request for attorney fees under Idaho Code section 12-121. For the reasons discussed below, we reverse each of the decisions and remand this matter for further proceedings consistent with this opinion.

### A.  The district court erred when it relied on disputed material facts or weighed the parties' evidence to grant Parsons' motion for summary judgment and conclude that she had an equal ownership interest in the Property.

Bedell argues that the district court erred when it granted Parsons' third motion for summary judgment on the partition claim because there were genuine disputes of material fact regarding the parties' respective ownership interests. Given the disputed material facts, Bedell argues summary judgment should have been denied. For the reasons discussed below, we agree.

As previously mentioned, in *Demoney-Hendrickson v. Larsen*, we held that a district court must undertake a three-step inquiry when deciding a partition action:

> The first step is for the district court to determine whether the parties to the action possess some interest in the property at issue. *See* I.C. § 6-501. The second step is to ascertain the "respective rights of the persons interested" in the subject property. *Id.* In other words, the district court must determine the parties' respective ownership interests in the subject property. *Id.*; I.C. § 6-508. The third step is to determine the most appropriate method of partition: a partition in kind or a partition by sale. *See* I.C. §§ 6-501, 6-508. Critically, "when a sale of the premises is necessary, the title must be ascertained by proof to the satisfaction of the court *before the judgment of sale can be made*[.]" I.C. § 6-508 (emphasis added).

171 Idaho 917, 922, 527 P.3d 520, 525 (2023) (alteration in original). Similar to this case, *Demoney-Hendrickson* concerned real property purchased by unmarried romantic partners, Cynthia Juker and Reginald Larsen. *Id.* at 919, 527 P.3d at 522. Both of their names were on the warranty deed, but the deed did not specify their respective interests in the property. *Id.* Juker later died, and her estate filed an action for partition of the property. *Id.* at 919–20, 527 P.3d at 522–23. Larsen filed a counterclaim and asserted that he had a 100% interest in the property. *Id.* at 920,

527 P.3d at 523. Relying solely on the language of the warranty deed, the district court determined that Juker had a 50% ownership interest in the property because both parties' names were on the deed, which did not include any indication of their respective ownership interests. *Id.*

We reversed the district court's decision and remanded for further proceedings. *Id.* at 927, 527 P.3d at 530. We first explained that, when read together, Idaho's partition statutes require the three-part inquiry described above. *Id.* at 921–22, 527 P.3d at 524–25. On the first step, we held that the district court correctly determined the warranty deed conveyed some interest in the property to Juker. *Id.* at 922, 527 P.3d at 525. However, we held that the district court erred when it refused to consider Larsen's evidence that the parties intended for Larsen to own 100% of the property. *Id.* at 925, 527 P.3d at 528. We held that, when two parties' names are listed on a warranty deed and the deed fails to specify the respective ownership interests of each party, there is a rebuttable presumption that the parties share ownership equally. *Id.* at 924, 527 P.3d at 527. We further held that the presumption may be rebutted with a showing, by a preponderance of the evidence, that the parties intended something other than equal ownership. *Id.* at 925, 527 P.3d at 528.

We had not issued our opinion in *Demoney-Hendrickson* when Bedell filed his lawsuit. Just before we issued our decision in *Demoney-Hendrickson* Bedell moved for summary judgment on his partition claim, arguing that he had a 100% ownership interest in the Property because he paid the entirety of the purchase price and was the sole financial contributor to the Property. Bedell asserted that Parsons' name was only included on the purchase and sale agreement and the warranty deed as an accommodation to the grantor, Fannie Mae, and therefore the district court should determine that Parsons had a 0% ownership interest in the Property.

Before Parsons responded to Bedell's motion, we issued our decision in *Demoney-Hendrickson*. Following that decision, Parsons filed her third motion for summary judgment and requested that the district court determine she had a 50% ownership interest in the Property and order a partition by sale. Parsons asserted that because her name was on the warranty deed for the Property and failed to specify her interest in the Property, under *Demoney-Hendrickson*, the presumption of equal shares applied. Parsons cited to her deposition testimony and discovery responses to further support her position that she owned a 50% interest in the Property. Namely, she referenced her testimony and statements that (1) she and Bedell had jointly purchased and sold real estate in the past, (2) she and Bedell jointly looked at properties for sale in Idaho and jointly

6

decided to make an offer on the Property, (3) she negotiated the sale price of the Property, (4) she and Bedell signed the purchase and sale agreement for the Property and a subsequent addendum to the agreement, (5) Bedell expressed to her that the home was purchased for both of them, (6) Bedell told the realtor to add Parsons to the deed, (7) she used her own money to decorate the house on the Property, and (8) she contributed materials from one of her properties to construct an outbuilding on the Property.

In response, Bedell asserted that he had rebutted the presumption of equal shares. He cited to his affidavit and other evidence establishing that he paid the entire purchase price for the Property; that he never asked Parsons to contribute to the purchase of the Property; that he subsequently paid all the taxes, insurance, maintenance and repairs for the Property; that he had resided in the Property since its purchase; that he intended the Property to be his residence in Idaho; and that he had maintained Idaho residency since purchasing the Property. Bedell also disputed Parsons' contention that she was involved in the decision to make an offer on the Property and that she was involved in negotiating its purchase price. Further, Bedell asserted that he did not ask for Parsons' name to be included on the deed, and he believed his realtor shared information with Fannie Mae about Bedell and Parsons flipping properties together, which led Fannie Mae to require that Parsons' name be included on the purchase and sale agreement, which in turn resulted in the title company adding Parsons' name to the warranty deed.

The district court held a hearing on the motions and later issued a written decision denying Bedell's motion, granting Parsons' motion, and ordering a partition by sale. Applying the first step in the *Demoney-Hendrickson* inquiry, the court determined that Parsons had an interest in the Property because her name was on the deed. On the second step, the district court concluded that the unambiguous inclusion of Parsons' name on the warranty deed, without any specification concerning the nature of her interest in the Property, was sufficient to invoke the presumption of equal shares. The district court then considered the extrinsic evidence submitted by the parties in support of their respective positions, as follows:

- Both parties were present when they were looking for properties to purchase and they intended that there be "some kind of co-ownership."
- The parties jointly owned several properties in California and would "flip" properties as a business.

7

- The proceeds from the sale of Bedell's home in California were used to purchase the Property, but Bedell was only able to do this because he had been living in Parsons' California home for the previous seven years.

- Parsons paid the mortgage, taxes, and insurance for Parsons' California home, where the parties jointly resided, while Bedell paid utilities and other costs of living, which allowed him to save money to purchase the Property.

- Parsons used materials from some of her other California properties to make improvements to the Property, which constituted monetary contributions toward the Property.

- The parties jointly made the decision to purchase the Property, but Parsons insisted they offer a lower purchase price, which the sellers accepted.

- Parsons furnished and decorated the interior of the Property using her own funds.

After reciting this evidence, the district court stated:

> Considering these facts, the [c]ourt finds that partition is proper. However, with the conflicting positions of the parties and lack of evidence as to contributions when it comes to their intentions and what each contributed to the [P]roperty, it is not possible for the [c]ourt to determine how it would assign an unequal division that would be fair and equitable. As such, the [c]ourt is left to accept the presumption that each party has an equal interest of 50% in the [P]roperty.

On the third step, the district court ordered partition by sale after concluding there was no evidence that the residence and surrounding acreage could be divided without prejudicing the parties. The district court then invited the parties to file a motion to reconsider if they wished to submit additional evidence: "Should either party wish to file a Motion to Reconsider and present the [c]ourt with additional and more conclusive evidence that would help the [c]ourt determine an unequal, but fair and equitable division of the property, the [c]ourt would entertain that motion."

Bedell then filed a motion for reconsideration and asserted that the district court erred by improperly weighing the evidence and relying on disputed material facts. In support of his motion to reconsider, Bedell submitted additional evidence. Bedell cited to his discovery responses in which he stated that the materials Parsons claimed to have contributed were only scrap lumber that had been piled on the Property, that Parsons did not pay a mortgage on the California house because it was paid off, and that Bedell had paid over $250,000 in household expenses for the California house. Bedell also cited to his deposition, where he testified that he, not Parsons, communicated with the realtor when negotiating the sale price of the Property.

8

After hearing oral argument on the motion for reconsideration, the district court issued a written decision denying the motion and took the "opportunity to clarify its findings and legal analysis in its decision." The court first dispensed with Bedell's argument that Parsons had a 0% ownership interest in the Property, concluding that:

> As a matter of law, it is the position of this [c]ourt that a co-tenancy implies an ownership interest in the subject property. It is the position of this [c]ourt that 'an interest' implies an interest greater than zero (0%). The law allows for that interest to be unequal, but does not provide that a cotenants interest in the property can be zero.

The court then acknowledged that it had improperly relied on disputed facts in its summary judgment decision but determined that the following facts were undisputed and supported its previous conclusion that Parsons had a 50% ownership interest in the Property:

- The parties were in a long-term relationship when they purchased the Property.

- The parties' finances were "highly interrelated."

- Bedell and Parsons considered the California house to be their home and represented themselves as a married couple.

- Bedell did not pay rent while living in Parsons' home but did contribute to the household expenses.

- The parties looked at several properties together and had specific attributes and amenities in mind. They took those things into account when they decided to purchase the Property.

- Parsons was present at closing on the Property.

- Parsons' name was on the purchase and sale agreement and on the deed for the Property.

- The parties' relationship continued after purchasing the Property, they continued to jointly reside in Parsons' California home after the purchase, and they jointly visited and entertained friends at the Property.

- Bedell made the Property his primary residence after his and Parsons' relationship ended.

- The parties agreed and advised the district court that Parsons' ownership interest in the Property must be either 0% or 50%.

The district court determined that, while no single fact was dispositive as to the parties' intent, when the facts were considered together, along with the inclusion of Parsons' name on the warranty deed, they indicated a joint intent that the Property be "their home."

9

The district court rejected Bedell's evidence as unconvincing because it consisted of Bedell's own statements and because it was refuted by Parsons' evidence:

> The only evidence presented that can unequivocally establish that Petitioner never intended [Parsons] to have an ownership interest is that [Bedell] stated so in his complaint and subsequent filings as well as his deposition. However, this assertion is refuted by [Parsons] in her pleadings and deposition. Therefore, as the finder of fact, the [c]ourt looked to the previously stated facts in making its findings.
>
> . . . As stated previously, [Bedell]'s testimony that he never intended to gift [Parsons] any ownership interest is disputed by [Parsons]. As such, [Bedell]'s assertion cannot be considered fact without the [c]ourt determining that [Bedell] is more credible than [Parsons]. The [c]ourt is not able to make findings based on a determination of credibility in a summary judgment capacity.

On appeal, Bedell argues the district court erred when it continued to rely on disputed issues of material fact in its decision on reconsideration to conclude that Parsons had a 50% ownership interest in the Property. Bedell contends that the district court improperly weighed the parties' credibility when it accepted Parsons' evidence and rejected Bedell's. We agree and reverse the district court's decision.

To defeat summary judgment, the nonmoving party need only present evidence that creates a disputed issue of fact on a triable issue. *Seward v. Musick Auction, LLC*, 164 Idaho 149, 157, 426 P.3d 1249, 1257 (2018). The nonmoving party is not required to persuade the court that the trier of fact would resolve the disputed issue of fact in his favor. *Id.* A party asserting the existence of a genuine dispute of material fact must support his assertion with specific citations to the record, including depositions, affidavits, declarations, admissions, interrogatory answers, or other materials. I.R.C.P. 56(c)(1)(A).

Here, the record reveals that Bedell presented sufficient evidence to establish a genuine dispute of material fact concerning the parties' intent regarding their respective ownership interests in the Property. The evidence that Bedell submitted in connection with the parties' cross-motions for summary judgment and his motion for reconsideration indicated that: (1) Parsons did not participate in negotiating the purchase price for the Property; (2) Parsons did not financially contribute to the purchase of the Property; (3) Parsons did not contribute materials that were used to improve the Property; (4) Bedell never intended to grant Parsons an ownership interest in the Property; (5) Parsons' name was only included on the purchase and sale agreement because Fannie Mae required it after the realtor mentioned that Bedell and Parsons had previously purchased real property together; (6) Parsons' name was only included on the warranty deed because the title

10

company required it, given Parsons' inclusion on the purchase and sale agreement; (7) Parsons did not pay any mortgage on her California home; and (8) Bedell financially contributed to the California home.

As previously mentioned, to defeat summary judgment, Bedell only had to establish the existence of a genuine dispute of material fact. He was not required to establish that the trier of fact would resolve that dispute in his favor. Bedell met his burden. His evidence disputed the additional evidence on which Parsons relied for her motion. In addition, Bedell's evidence supported his position that he never intended to grant Parsons an ownership interest in the Property, which was sufficient to create a genuine dispute regarding whether Bedell could overcome the rebuttable presumption of equal shares. Put differently, for purposes of summary judgment, Bedell did not need to rebut the presumption, but instead only needed to establish the existence of a genuine dispute of material fact whether the parties intended to grant Parsons something less than an equal ownership interest in the Property. *See Nelson v. Evans*, 166 Idaho 815, 823–24, 464 P.3d 301, 309–10 (2020) (holding that trial court erred when it granted summary judgment on basis of rebuttable presumption because it failed to examine evidence to determine if there was a genuine dispute of material fact whether the nonmoving party could rebut the presumption).

The district court erred when it essentially determined that Bedell could not rely on his own deposition testimony for purposes of summary judgment and then weighed the parties' other evidence and concluded that Parsons' evidence was more persuasive. Deposition testimony is not "lesser evidence" when submitted in response to a summary judgment motion. Rather, our summary judgment rule specifically permits a party opposing summary judgment to support their argument with citations to deposition testimony. I.R.C.P. 56(c)(1)(A). Bedell did exactly that. That Parsons contested the evidence simply demonstrated the existence of a genuine dispute of material fact. This is a common approach to defeating a motion for summary judgment.

The district court erred when it weighed each parties' evidence and concluded that Parsons' evidence was more persuasive than Bedell's. The district court's statements in its decision denying Bedell's motion for reconsideration indicate that it mistakenly believed it could not consider Bedell's statements as evidence unless it first determined Bedell was more credible than Parsons. Bedell and Parsons each submitted their respective testimony under oath. Their deposition testimonies constituted sworn facts for purposes of summary judgment. While their testimonies directly contradicted each other on certain points, these contradictions simply demonstrated the

11

existence of a genuine dispute of material fact. Those disputes should have been resolved at trial, not on summary judgment. In concluding on reconsideration that it could not consider Bedell's testimony, the district court committed the very error it was concerned about; it implicitly concluded that Bedell's testimony was less credible than that of Parsons.

We hold that the district court erred when it rejected Bedell's evidence and granted Parsons' motion for summary judgment. For the reasons previously discussed, Bedell's evidence demonstrated the existence of a genuine dispute of material fact regarding the parties' intent. The district court should have granted Bedell's motion for reconsideration and reversed its prior decision granting summary judgment in favor of Parsons. *See* I.R.C.P. 56(a) ("The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). We therefore reverse the district court's decisions denying Bedell's motion for reconsideration and granting summary judgment in favor of Parsons, and remand this matter for further proceedings consistent with this opinion.

Bedell also argues that the district court erred when it concluded as a matter of law that a co-tenant cannot have a 0% ownership interest. "Where an appellate court reverses or vacates a judgment upon an issue properly raised, and remands for further proceedings, it may give guidance for other issues on remand." *Urrutia v. Blaine County*, 134 Idaho 353, 359, 2 P.3d 738, 744 (2000). "In offering guidance, however, we are aware that such guidance should only be given on issues that are absolutely necessary, and regarding issues that have a practical effect on *this appeal*; otherwise, we would be offering an impermissible advisory opinion cloaked as 'guidance.'" *Hood v. Poorman*, 171 Idaho 176, 191, 519 P.3d 769, 784 (2022) (quoting *N. Idaho Bldg. Contractors Ass'n v. City of Hayden*, 164 Idaho 530, 540, 432 P.3d 976, 986 (2018)). For purposes of guidance on remand, we take this opportunity to clarify the language in *Demoney-Hendrickson* concerning ownership interests in real property.

Our opinion in *Demoney-Hendrickson* was premised in part on Idaho Code section 55-508, which provides that "[e]very interest in real estate granted or devised to two (2) or more persons, other than executors or trustees, as such constitutes a tenancy in common, unless expressly declared in the grant or devise to be otherwise." I.C. § 55-508. Our discussion alternatively refers to "interests" and "ownership interests" in the real property. *Compare, e.g.*, 171 Idaho at 925, 527 P.3d at 528, *with id.* at 924, 527 P.3d at 527. Here, it appears that the district court's conclusion that a co-tenant cannot have a 0% ownership interest in real property may have been based on our

12

use of the word "ownership" in *Demoney-Hendrickson*. In its decision denying Bedell's motion for reconsideration, the district court cited *Demoney-Hendrickson* for the premise that, "[a]bsent specific language setting forth each parties' specific interest, the legal 'default' is the presumption of equal ownership."

While this is an accurate description of what we said in *Demoney-Hendrickson*, the referenced sentence did not cite to any legal authority. In retrospect, our use of the word "ownership" in reference to the parties' respective interests in the property was imprecise. We therefore take this opportunity to clarify that *Demoney-Hendrickson* should not be read to hold that co-tenants cannot have a 0% ownership interest in real property. That was not an issue raised in that appeal, and we did not make such a holding. Rather, we remanded the case so the district court could consider any extrinsic evidence that the parties wished to offer concerning the parties' intent regarding their respective ownership interests.

In short, while we used the word "ownership" at times to describe the legal interests at issue in *Demoney-Hendrickson*, nothing in that decision mandates that each name included on a warranty deed must own a fee simple interest in the real property that exceeds 0%. Rather, the law recognizes a variety of interests in real property. Ownership interests can be unequal to the point that, although two individuals were listed on the deed and jointly *possessed* the property, they only intended one person to *own* the property. *See, e.g.*, *Wilson v. Mocabee*, 167 Idaho 59, 70, 467 P.3d 423, 434 (2020); *Fernandes v. Rodriguez*, 879 A.2d 897, 904 (Conn. App. Ct. 2005). There have been several decisions, including one from this Court, reasoning that, even though multiple parties are listed on a deed, if one party's ownership interest is 100%, this leaves the other co-tenant with a 0% ownership interest. *See, e.g.*, *Wilson*, 167 Idaho at 70, 467 P.3d at 434; *Berger v. Repnow*, 16 N.W. 3d 452, 459 (N.D. 2025); *Fairbanks Dev., LLC v. Johnson*, 330 So. 3d 183, 188–90 (La. 2021).

Furthermore, the law recognizes other interests in property short of fee simple ownership. *See* Alvin L. Arnold, *Real Estate Investor's Deskbook* § 1:64 (3d ed. Mar 2025 update) (explaining interests in property can be ownership (freehold), possessory (leasehold), or nonpossessory). It is possible for a party to be listed on a deed and yet possess something less than an ownership interest in the property, meaning the party has a 0% *ownership* interest. *See, e.g.*, *Diaz v. Home Fed. Sav. & Loan Ass'n of Elgin*, 786 N.E.2d 1033, 1042 (Ill. App. Ct. 2002); *T-Vestco Litt-Vada v. Lu-cal*

*One Oil Co.*, 651 S.W.2d 284, 289–91 (Tex. App. 1983) (holding oil and gas leases were nonpossessory interests despite language in the deed that title was conveyed).

Finally, Idaho Code section 55-508, which formed the basis for our discussion of Idaho law concerning tenancies in common, is not limited to ownership interests. Instead, it provides that *cointerests* in real property constitute a tenancy in common, unless declared to be otherwise. 4 *Thompson on Real Property* § 32.01, Second Thomas Edition (David A. Thomas ed., 2004). The statute does not specify that an interest in property must be an ownership interest. The district court therefore erred when it held as a matter of law that a co-tenant listed on a warranty deed cannot possess a 0% ownership interest in the real property. As explained above, it is possible for a party on a warranty deed to have a property interest short of fee simple ownership. If this were the case, then that cotenant would necessarily have a 0% ownership interest in the property.

For the reasons discussed above, we reverse the district court's decisions denying Bedell's motion for reconsideration and granting Parsons' third motion for summary judgment. In light of this decision, we also reverse the district court's decision awarding Parsons costs and attorney fees under section 12-121.

To be clear, we have not concluded that Bedell rebutted the presumption of equal shares. Instead, our decision simply holds that Bedell's evidence was sufficient to establish a genuine dispute of material fact concerning the parties' intent regarding their respective ownership interests in the Property. As a result, the district court erred when it granted Parsons' third summary judgment motion and concluded she had a 50% ownership interest in the property.

## B. The district court did not err in granting Parsons' fourth motion for summary judgment and concluding that Bedell had waived any claim for contribution.

Following the district court's decision on the partition action, Parsons filed a fourth motion for summary judgment and requested that the court determine that Bedell had waived any claim for contribution because he failed to plead it in his complaint or his amended complaint. Bedell countered that Idaho is a notice pleading state and that he had pleaded facts sufficient to put Parsons on notice that he was seeking contribution for amounts related to the Property.

The district court concluded that Bedell failed to assert a contribution claim in either his complaint, his amended complaint or in subsequent proceedings in the case. Bedell argues that he raised the issue of contribution multiple times and that under Idaho's liberal pleading standards, he pleaded enough facts in his complaint and amended complaint to put Parsons on notice of a contribution claim. He further asserts that a contribution claim is inherent in a partition claim and

14

a claim for contribution automatically arises when a cotenant expends funds for the common benefit of the property. We agree with the district court and affirm its decision granting Parsons' fourth motion for summary judgment.

Bedell did not plead a claim for contribution in either his complaint or his amended complaint. Further, Bedell repeatedly argued before the district court that evidence of unequal contributions supported his claim for unequal ownership interests. The closest he came to asserting a claim for contribution was when he argued that his unequal contributions would support a compensatory adjustment. However, a compensatory adjustment is not a claim for reimbursement or contribution. Instead, it is a doctrine applied in a physical partition action to compensate for unequal parcel values when a parcel is divided and the portion received by one party is worth more than the portion awarded to the other party. *Nordgaarden v. Kiebert*, 171 Idaho 883, 896, 527 P.3d 486, 499 (2023).

It was not until Bedell's response to Parsons' third motion for summary judgment that he submitted evidence concerning the amounts he expended on the Property. Even at that point, Bedell did not indicate that he was seeking contribution from Parsons. Instead, he asserted that his expenditures established that he intended to have the sole ownership interest in the Property.

It was not until Parsons filed her fourth motion for summary judgment motion, seeking to dismiss any potential claim for contribution, that Bedell expressly asserted he was making a claim for contribution and cited to legal authorities in support of a contribution claim. Bedell asserts that Parsons' fourth summary judgment motion establishes that she was on notice that he was making a contribution claim. We are not persuaded.

Parsons' motion establishes at most that she filed it out of an abundance of caution to foreclose any other possible claim that Bedell could raise related to the Property. She did not make any arguments concerning a contribution claim in her three prior summary judgment motions. Further, Parsons' counsel stated at the hearing on the fourth motion for summary judgment that they believed Bedell had waived any claim for contribution by failing to plead it and the instant motion was brought to ensure the claim could not be raised at the end of the case.

Finally, Bedell fails to establish that a right to contribution is inherent in a partition claim. Bedell cites four Idaho cases to support his contention that he did not have to separately plead a cause of action for contribution because his partition action included a claim to contribution. The cases that Bedell cites, however, do not support his premise.

15

The first decision, *Dorsey v. Dorsey*, is not applicable because it dealt with contribution claims associated with the dissolution and winding up of a limited liability company, not a partition action between cotenants. 172 Idaho 667, 673, 535 P.3d 1040, 1046 (2023). Because *Dorsey* deals with an entirely different legal claim, it has no applicability here.

In *Bahnmiller v. Bahnmiller*, 145 Idaho 517, 181 P.3d 443 (2008), the plaintiff initiated a partition action against her ex-husband and his father because the property was titled in all their names. *Id.* at 519, 181 P.3d at 445. The district court determined they owned the property as tenants in common, ordered a partition by sale, and ordered that reimbursement payments to the parties be made from the proceeds of the sale. *Id.* at 519–20, 181 P.3d at 445–46. The father-in-law's reimbursement amount exceeded the amount of his one-third interest in the property, meaning that the other two owners had to contribute a portion of their proceeds to the father-in-law to equalize the division. *Id.* at 521–22, 181 P.3d at 447–48. The facts do not address whether the father-in-law pleaded a claim for contribution, nor does the decision address whether a contribution claim is inherently part of a claim for partition. *See generally id.* at 519–523, 181 P.3d at 445–49. Rather, the issues on appeal concerned the admissibility of certain evidence and the plaintiff's contention that the district court erred in awarding the father-in-law reimbursement for certain expenses. *Id.* *Bahnmiller* is inapplicable because it does not address the legal premise at issue here.

Our decision in *Watts v. Krebs*, is similarly inapplicable because it did not address whether a *claim* for contribution is inherent in a partition action. *See* 131 Idaho 616, 622–23, 962 P.2d 387, 393–94 (1998). Instead, the relevant issue on appeal was whether the defendant waived his right to contribution when he signed a partition agreement with the plaintiff. *Id.* at 622, 962 P.2d at 393. Therefore, *Watts* is also inapplicable.

The final decision, *Keyser v. Morehead*, 23 Idaho 501, 130 P. 992 (1913), did not involve a claim for partition. Instead, it concerned the right of a cotenant to use improvements to an irrigation ditch. 23 Idaho at 505–06, 130 P. at 993–94. This Court held that, where an irrigation ditch owned by tenants in common was improved at the expense of all the cotenants but one, and that one cotenant later offered to pay his share of the expenses so he could use the improvements, the co-owners could not deprive him of his right to use the improvements. *Id.* at 507–08, 130 P. at 994–95. While we acknowledged that a right to contribution exists among cotenants, we did not hold that a contribution claim to enforce that right automatically arises. *See id.* Again, the case does not address the legal premise at issue here.

16

However, Bedell correctly notes that the district court failed to address Bedell's request that he be permitted to amend his complaint. While Bedell did not file a motion to amend, he included the request in his memorandum opposing Parsons' motion. Parsons' only response to this argument is that Bedell has failed to establish that the district court abused its discretion when it denied the motion.

Parsons is correct that this Court applies the abuse of discretion standard of review when reviewing the denial of a request to amend a complaint. *Dickinson Frozen Foods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 675, 434 P.3d 1275, 1281 (2019).

> When this Court reviews whether a trial court has abused its discretion, the four-part inquiry is "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason."

*Id.* (alteration in original) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 864, 421 P.3d 187, 194 (2018)). The failure to articulate how the district court abused its discretion constitutes a waiver of a party's argument. *Midtown Ventures, LLC v. Capone*, 173 Idaho 172, 180–81, 539 P.3d 992, 1000–01 (2023).

We initially note that it is unclear whether inclusion of a request to amend in a memorandum in opposition to summary judgment constitutes a motion. *See* I.R.C.P. 7(b)(A) (providing that a request for a court order must be made by a written motion). However, we need not resolve that question today because Bedell has waived the issue. Rather than pinpoint how the district court abused its discretion, Bedell cites our caselaw holding that leave to amend should be freely granted and argues that his right to contribution was beyond dispute and Parsons failed to establish why leave should be denied. This is essentially a merits argument that should have been made to the district court below. It was within the district court's discretion whether to grant the request. Bedell is now appealing that denial to this Court and, as such, he is required to grapple with the applicable standard of review. His failure to do so constitutes a waiver of this issue. We therefore affirm the district court's decision granting Parsons' fourth motion for summary judgment and determining that Bedell waived any contribution claim he may have.

17

**C. Having reversed the district court's grant of Parsons' third motion for summary judgment, we likewise reverse the district court's order granting Parsons' motion for attorney fees.**

Bedell additionally challenges the district court's award of costs and fees to Parsons under section 12-121, arguing that his claims below were not unreasonable, frivolous, or without legal foundation. However, we need not address the merits of Bedell's challenge. Because we reverse the district court's decisions granting Parsons' third motion for summary judgment and denying Bedell's motion to reconsider, we also reverse the district court's order for attorney fees to Parsons. *Kelso v. Applington*, 173 Idaho 738, 749, 548 P.3d 363, 374 (2024) (holding that because summary judgment had been reversed and remanded, there was no prevailing party and so the district court's award of attorney fees should be vacated). On remand, the district court can address any request for attorney fees that may be filed at the conclusion of the case. *See id.*

**D. Neither party is entitled to attorney fees on appeal.**

Parsons requests attorney fees on appeal pursuant to Idaho Code section 12-121. A court can award attorney fees to a prevailing party under section 12-121 if the case was frivolous, unreasonable, or without foundation. I.C. § 12-121; I.R.C.P. 54(e)(2). However, because this case is remanded to the district court for further proceedings, there is not a prevailing party at this stage in the proceedings. *Litster v. Litster Frost Inj. Laws. PLLC*, 174 Idaho 860, 882, 560 P.3d 1007, 1029 (2024). Therefore, we decline to award Parsons attorney fees on appeal.

## V. CONCLUSION

For the reasons expressed herein, we reverse the district court's decisions (1) granting Parsons' third motion for summary judgment, (2) denying Bedell's motion for reconsideration, and (3) awarding Parsons costs and attorney fees pursuant to section 12-121. However, we affirm the decision granting Parsons' fourth motion for summary judgment. We remand this case for proceedings consistent with this opinion.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.